Charles E. PITT, Appellant,

v.

DISTRICT OF COLUMBIA DE-
PARTMENT OF CORREC-
TIONS, Appellee.

No. 01–CV–1446.

District of Columbia Court of Appeals.

Argued March 6, 2003.
Decided March 27, 2003.

Christopher A. Sterbenz, Vienna, VA, for appellant Charles E. Pitt.

Mary L. Wilson, Assistant Corporation Counsel, with whom Arabella W. Teal, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee District of Columbia Department of Corrections.

Before SCHWELB and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

GLICKMAN, Associate J.

Charles Pitt was a corrections officer who was terminated by the Department of Corrections in 1997 following his arrest for possession of cocaine. Pitt appealed the Department's decision to the Office of Employee Appeals (OEA). The Department moved to dismiss the appeal for lack of jurisdiction, arguing that Pitt's exclusive

remedy under a 1986 collective bargaining agreement with the Teamsters Union was to submit his grievance to arbitration or mediation. Pitt disagreed, claiming that the collective bargaining agreement had expired, the Teamsters had been supplanted by the Fraternal Order of Police (FOP) in 1994, and the FOP had disavowed the arbitration/mediation procedure and told him to take his grievance to the OEA. The OEA administrative law judge rejected Pitt's claim and granted the motion to dismiss on the ground that the 1986 agreement had been adopted by the FOP. The Superior Court affirmed this ruling, and Pitt has sought review in this court.

We are constrained to agree with Pitt that the OEA lacked substantial evidence to justify its finding that the FOP had adopted the 1986 collective bargaining agreement. Although the Department of Corrections has proffered documentary evidence of that fact in an appendix to its brief in this court, the Department never presented this evidence, which Pitt disputes, to the OEA. Furthermore, the Department concedes that in unrelated proceedings before the Public Employee Relations Board, it has asserted that aggrieved employees in Pitt's position were entitled to appeal to the OEA and were not bound by the arbitration and mediation provisions of the 1986 agreement. In these rather confused circumstances, we think the proper course is to vacate the OEA's decision dismissing Pitt's appeal and remand for further proceedings.

## I.

In 1986, Teamsters Local 246 was the exclusive bargaining representative for all employees of the D.C. Department of Corrections in Charles Pitt's classification. A July 1986 collective bargaining agreement between the Teamsters and the Department provided a five-step grievance procedure for employees who wished to contest disciplinary actions, including termi-nations. The first four steps involved intra-Departmental reviews and culminated in an appeal to the Director. The fifth step, if the grievance remained unresolved, was for the union to request arbitration or mediation. This process was made the exclusive appeal mechanism "in order to assure that discipline and discharge cases are handled in an expeditious manner."

The 1986 collective bargaining agreement extended until September 30, 1987, and included an option for renewal by either party for three years. Therefore by its terms the agreement expired no later than 1990.

In 1993, Department of Corrections employees voted to oust the Teamsters in favor of the Fraternal Order of Police, and in 1994 the Public Employee Relations Board (PERB) certified the FOP as their new representative. *See In re Fraternal Order Of Police/Dep't of Corr. Labor Comm.*, 48 D.C.Reg. 6565, PERB Case No. 93–R–04, Opinion No. 374 (Jan. 12, 1994).

Charles Pitt was arrested for possession of crack cocaine in Prince George's County on February 11, 1997. Although the charge was dropped and Pitt claimed that he was arrested in error, the Department of Corrections decided to terminate him in reliance on the report of the arresting officer. The March 1997 notice of termination informed Pitt of his "right to appeal this decision in accordance with the Labor Management Agreement" and instructed him to direct any questions about his appeal rights to the FOP.

Pitt appealed his termination by following the first four grievance steps listed in the 1986 collective bargaining agreement. In July of 1997, the Director of the Department upheld Pitt's termination. Pitt then appealed to the OEA.

Over one year later, in September 1998, the Department of Corrections moved to

dismiss Pitt's appeal to the OEA for lack of jurisdiction. The motion asserted that the FOP and the Department had "adopted in its entirety" the 1986 collective bargaining agreement with the Teamsters, which provided for arbitration or mediation in lieu of an appeal to the OEA. The Department submitted no evidence in support of this assertion, however. Instead, the Department submitted a May 25, 1993, memorandum from the Deputy Director of the District of Columbia Office of Labor Relations and Collective Bargaining to the EEO/Ethics Officer of the Department of Corrections. This memorandum stated that the Teamsters and the Department were negotiating a new collective bargaining agreement and in the interim were continuing to operate under the terms of the 1986 agreement. A copy of the 1986 agreement was attached to the memorandum. The memorandum did not mention the FOP at all—which is not surprising, since the FOP was not certified as the successor to the Teamsters until 1994.

Pitt filed an opposition to the motion to dismiss, in which he pointed out that the May 25, 1993, memorandum did not show that the FOP had agreed to adhere to the 1986 agreement, which by its terms had expired no later than 1990. The opposition asserted that the FOP had advised his counsel "in no uncertain terms that there exists no exclusive arbitration mechanism between the FOP and the Department of Corrections, and that the Employee's appeal of his removal, if any, should be properly presented to the Office of Employee Appeals, which he has done." Pitt did not, however, submit an affidavit or other evidence that might have supported this assertion.

The record was not augmented further. Nearly two years later, on June 15, 2000, the OEA administrative judge issued her decision. Stating that the entire 1986 Agreement "was adopted by the parties and has been in operation" since the PERB certified the FOP as the correctional officers' bargaining representative in 1994, the administrative judge concluded that the exclusive grievance procedures set forth in that agreement precluded Pitt from appealing his termination to the OEA. Accordingly, the administrative judge granted the Department's motion to dismiss for lack of jurisdiction. On Pitt's petition for review, the Superior Court affirmed this decision as supported by substantial evidence. The court found it significant that Pitt acknowledged being a member of a collective bargaining unit and that he had followed the grievance procedures he was given before he appealed to the OEA.

Meanwhile, on June 30, 2000, the District of Columbia notified the FOP of its intent to terminate the collective bargaining agreement between the Department of Corrections and its employees. The FOP filed an unfair labor practice complaint with the PERB in which the union claimed that the Department had implemented new policies in breach of its promise that the agreement would remain in effect. In the course of responding to the FOP's complaint, the Department contended, *inter alia*, that it had no contractual duty to arbitrate employee grievances after 1990, when the agreement expired. Instead, the Department asserted, its employees had the right after 1990 to appeal unresolved grievances to the OEA.[1] We are informed

---

**1.** The Corporation Counsel discovered these inconsistent representations in the course of this appeal and, with commendable candor, brought them to the attention of petitioner and this court. None of these facts were known to the Superior Court when it issued its ruling. The Department of Corrections was represented before the PERB by counsel for its co-respondent, the D.C. Office of Labor Relations and Collective Bargaining. This may help explain why the Department took a

that the PERB hearing examiner dismissed the FOP's unfair labor practice complaint without addressing the Department's claim.

## II.

■ We review the Superior Court's affirmance of an administrative agency ruling in the same manner as if the ruling came to us directly from the agency. *See Hahn v. University of the District of Columbia,* 789 A.2d 1252, 1256 (D.C.2002). In such a review, this court "examine[s] the administrative record 'to determine if there has been procedural error, if there is substantial evidence in the record to support the action of the [agency], or if the action is in some manner otherwise arbitrary, capricious, or an abuse of discretion.'" *Id.* (quoting *Kegley v. District of Columbia,* 440 A.2d 1013, 1019 (D.C.1982)).

■ Where government employees are covered by a collective bargaining agreement that includes exclusive grievance procedures, those procedures may supersede otherwise available statutory provisions for OEA review. *See District of Columbia Metro. Police Dep't v. Pinkard,* 801 A.2d 86, 91 (D.C.2002). Thus if the 1986 Teamsters agreement did cover Pitt in 1997, it foreclosed his appeal to the OEA. The fact that the 1986 agreement expired by its own terms in 1990 does not necessarily mean that it was not still in force in 1997. An expired collective bargaining agreement may continue in effect if the parties continue to act as if they are performing under it. *See Hahn v. University of the District of Columbia,* 789 A.2d 1252, 1258–59 (D.C.2002). That is what

the OEA and the Superior Court found in this case.

■ That finding is not supported by substantial evidence in the record. The 1986 collective bargaining agreement was between a Teamsters local and the Department of Corrections. By 1997, the Teamsters were no longer the employees' bargaining representative, having been supplanted by the FOP. There was no evidence before the OEA that the FOP had undertaken to continue under the Teamsters agreement. While the burden was on Pitt to establish the OEA's jurisdiction to hear his appeal, *see* 6 DCMR § 629.2 (2003), we think he made a sufficient *prima facie* showing to satisfy that burden when he demonstrated that the collective bargaining agreement that supposedly precluded his appeal had expired. Moreover, Pitt's attorney represented to the OEA that the FOP specifically had declined to follow the Teamsters agreement, at least when it came to the arbitration of employee grievances, and that representation was not rebutted by evidence. Furthermore, even if there are indications that the FOP, as the Teamsters' successor, and the Department of Corrections were continuing to act as if they were performing under the 1986 agreement,[2] we cannot shut our eyes to the Department's representation to the PERB that after 1990 its employees had to appeal to the OEA rather than arbitrate. The Department's disavowal of that agreement may mean that it was not in force after 1990, at least so far as its arbitration and mediation provisions were concerned. As we explained in *Hahn:*

different position in defending against the unfair labor practice complaint from that it took in this case.

**2.** As the Superior Court noted, Pitt acknowledged being a member of a collective bargaining unit, which concededly was the FOP, and

he had followed the internal Department grievance procedures that preceded arbitration or mediation. By themselves, however, these facts do not suffice to show that the FOP was carrying on the 1986 Teamsters agreement.

When a contract lapses but the parties to the contract continue to act as if they are performing under a contract, the material terms of the prior contract will survive intact unless either one of the parties clearly and manifestly indicates, through words or through conduct, that it no longer wishes to continue to be bound thereby, or both parties mutually intend that the terms not survive.

789 A.2d at 1258 (quoting *Luden's, Inc. v. Local 6, Bakery, Confectionery & Tobacco Workers Int'l Union*, 28 F.3d 347, 355–56 (3d Cir.1994)).

The Department proffers to us—for the first time in this prolonged proceeding—that its representations to the PERB were erroneous, and that it has documentary evidence supporting its contention that it and the FOP had adopted the 1986 agreement and continued it in effect until well after 1997. That all may be, but Pitt has never had the chance to confront this evidence.[3] We therefore do not consider it.

Accordingly, we vacate the decision of the OEA dismissing Pitt's appeal for lack of jurisdiction and remand for further proceedings consistent with this opinion.

*So ordered.*

---

**3.** It has been brought to our attention that in other reported proceedings not involving Pitt, both the PERB and the OEA have found that the FOP and the Department of Corrections did adopt the terms of the 1986 Teamsters agreement. *See Fraternal Order of Police/Dep't of Corr. Labor Comm. v. Office of Labor Relations & Collective Bargaining*, 48 D.C.Reg. 2920. 2921 n. 3, PERB Case No. 94–U–14, Opinion No. 419 (Apr. 24, 1995); *King v. Dep't of Corr.*, 47 D.C.Reg. 1560, 1563, OEA Matter No. J–0370–96 (Feb. 4, 1998) (applying arbitration provisions of the 1986 agreement to 1996 grievances); *Beeton v. Dep't of Corr.*, 47 D.C.Reg. 9932, 9933, OEA Matter No. J–0198–95 (Sept. 28, 2000) (applying arbitration provisions of the 1986 agreement to a 1995 grievance). We express no views as to these cases or as to their potential effect on Pitt's claim, though we note that none of them appear to involve the question of the viability of the 1986 agreement in 1997.